IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRAVIS MAREKUS MCNEIL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-138 |
| | ) | |
| WARDEN, Wilcox State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition for lack of exhaustion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 15), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

## I.    BACKGROUND

On October 24, 2022, Petitioner pleaded guilty to one count of rape in the Richmond County Superior Court pursuant to a plea agreement. (Doc. no. 1, p. 1; doc. no. 16-8, p. 1.) On October 25, 2022, the trial court sentenced Petitioner to thirty years in prison. (Id. at 1.) On October 26, 2022, Petitioner filed a motion to withdraw his guilty plea citing three reasons: (1) his plea was not knowingly and voluntarily made, (2) his plea was not supported by a factual basis, and (3) his plea was a manifest injustice. (Doc. no. 16-4.) The trial court denied his motion. (Doc. no. 16-5.) Petitioner appealed the ruling and his conviction to the Georgia

Court of Appeals, arguing the trial court erred by not allowing him to withdraw his guilty plea. (Doc. no. 16-7.)  On July 1, 2024, the Georgia Court of Appeals affirmed the judgment in an unreported decision, holding the lower court's findings of fact regarding Petitioner's motion to withdraw were not clearly erroneous.  (Doc. no. 16-8, p. 6.)  In its decision, the Georgia Court of Appeals noted:

> For reasons that are not immediately apparent, [Petitioner] does not assert on appeal that his plea was involuntary, that plea counsel was ineffective, or that he was otherwise entitled to withdraw his guilty plea to correct a manifest injustice. . . . Instead, [Petitioner] argues only that he was entitled to withdraw his plea as a matter of right.

(Id. at 7.)  Petitioner did not file a petition for certiorari to the Georgia Supreme Court.  (Doc. no. 1, p. 3.)  Petitioner does not claim he filed a state habeas corpus appeal.  (Doc. no. 1, pp. 3-4.)

Petitioner signed the instant § 2254 petition on May 29, 2025.  (Doc. no. 1, p. 15.) Petitioner challenges his state court conviction in five grounds for relief:

(1)    ineffective assistance of counsel regarding the withdrawal of his guilty plea;
(2)    judicial misconduct based on the trial court's alleged order to his counsel not to inform him of his rights;
(3)    his plea agreement was not knowingly, intelligently, and voluntarily made;
(4)    ineffective assistance of trial counsel for failure to request forensic testing of evidence; and
(5)    ineffective assistance of trial counsel for failure to appear at arraignment.

(See generally id.; see also doc. no. 6.)  On October 23, 2025 the Court ordered Respondent to file an answer.  (Doc. no. 11.)  Respondent filed an answer on December 19, 2025, along with a motion to dismiss for failure to exhaust all five grounds for relief.  (Doc. no. 14; doc. no. 15, pp. 1-2.)  Respondent's motion further notes only Ground Three was adjudicated before a state court.  (Doc. no. 15, pp. 1-2.)  However, Petitioner raised Ground Three exclusively before the trial court and not on appeal.  (Id. at 2.)

Petitioner filed responses to Respondent's motion to dismiss on February 3, 13, and 18, 2026. (See doc. nos. 18, 19, 20.) Petitioner's responses do not address the legal merits of the motion to dismiss, nor does he say anything indicating he did, in fact, exhaust remedies available to him by state court procedures. (See generally id.) Instead, Petitioner expands on the merits of his arguments as presented in his petition, arguing "he is entitle[d] to withdraw guilty plea to correct a manifest injustice" and his "plea was not supported by factual basi[s]." (Doc. no. 20, pp. 3-4; see also doc. nos. 18, 19.)

## II.    DISCUSSION

### A.    The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson

v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B.    Petitioner Failed to Exhaust State Remedies

Petitioner brings five grounds in the instant petition, none of which he exhausted in state court and four of which he never presented to any state court at all. (Doc. no. 15, p. 2; doc. no. 16-8.) Although he argued to the trial court the Ground Three that his plea agreement was not knowingly, intelligently, and voluntarily mad, he failed to raise this ground on appeal as the Georgia Court of Appeals explained.

Moreover, Petitioner presents no argument or evidence to show that he has, in fact, exhausted his state court remedies on direct appeal or made any effort to pursue state habeas

4

relief. See, e.g., Powers v. State, 773 S.E.2d 428, 429 (Ga. 2015) (noting state habeas corpus proceedings are available to challenge denial of motion to withdraw guilty plea); Mitchum v. State, 834 S.E.2d 65, 71 (Ga. 2019) (discussing availability of state habeas corpus review for constitutional deprivation claims); Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010) (reviewing ineffective assistance claims in habeas corpus proceedings); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures

---

[1] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

"that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Further, there is no obvious procedural bar preventing Petitioner from bringing a state habeas corpus petition. See O.C.G.A. §§ 9-14-42(c) (setting four-year time limit from date of final judgment to bring state habeas corpus action in felony cases). As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts an opportunity to address his claims.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 15), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6